UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSE ANSELMO MORALES-GABRIEL,<br><br>                    Defendant. | Case Nos.: 14CR1660-JLS<br>16CV2903-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 25). The Court has considered Defendant's motion together with the record in this case and, for the reasons set forth below, will dismiss Defendant's motion as time barred.

## Background

Defendant Morales-Gabriel pled guilty to the offense of attempted reentry of removed alien in violation of 8 U.S.C. § 1326. ECF No. 14. On November 21, 2014, Defendant was sentenced to a term of 32 months' imprisonment. ECF No. 24. Defendant's advisory sentencing guideline range calculation included a 16-level enhancement pursuant to United States Sentencing Guideline Section 2L1.2(b)(1)(A)(ii)

for a previous removal following a conviction for a "crime of violence."[1] ECF No. 18 at 5. Defendant filed the instant motion under 28 U.S.C. § 2255 on June 27, 2016.

## Analysis

Defendant's motion was filed more than one year after his conviction became final[2] and is therefore untimely pursuant to 28 U.S.C. § 2255(f)(1). Defendant has not alleged or demonstrated that any of the alternative limitation periods set forth in Section 2255(f) are applicable with respect to his motion.

Defendant contends that his motion is timely pursuant to 28 U.S.C. § 2255(f)(3)[3] in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. However, the Supreme Court has subsequently held that the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause and that *Johnson* is not applicable to the advisory Guidelines. *Beckles v. United States*, 137 S.Ct. 886 (2017). Therefore, *Johnson* is not applicable in this case and thus cannot serve to extend the limitations period under 28 U.S.C. § 2255(f)(3).

## Conclusion

The Court finds Defendant's motion to be time barred under 28 U.S.C. §2255(f). Accordingly, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DISMISSED. Additionally, the Court DENIES Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right. See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue

---

[1] This enhancement was based on a 2009 conviction for burglary in the first degree in violation of Oregon Revised Statutes Section 164.225. Presentence Report, ECF No. 18 at 7.
[2] Defendant was sentenced on November 21, 2014 and he filed no notice of appeal. Thus, his conviction became final 14 days later. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that statute of limitations for § 2255 motion began to run upon the expiration of the time during which the defendant could have sought review by direct appeal).
[3] 28 U.S.C. § 2255(f)(3) proscribes a one year period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

2

14CR1660-JLS
16CV2903-JLS

"only if the applicant has made a substantial showing of a denial of a constitutional right"). The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

Dated: September 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge